UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROBERT LEE LEGG, JR.,             )
                                  )
        Plaintiff,                )
                                  )   Civil Action No. 2:20-00023
v.                                )
                                  )
CHARLESTON POLICE DEPT., *et al.*,)
                                  )
        Defendants.               )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), filed on January 10, 2020. Having examined Plaintiff's Amended Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On February 13, 2020, Plaintiff, acting *pro se*, filed his Amended Complaint[1] claiming entitlement to relief under 42 U.S.C. §1983.[2] (Document Nos. 10 and 11.) Plaintiff names the following as Defendants: (1) Charleston Police Department; (2) South Central Regional Jail; (3) West Virginia Parole Board; and (4) Kanawha County Public Defender's Office. (Document No. 10, p. 1.) Plaintiff states that he was sentenced to "1 – 10 years" on August 23, 2012. (Id., p. 4.)

---

[1] By Order entered on January 14, 2020, the undersigned notified Plaintiff of deficiencies in his Complaint and directed Plaintiff to file an Amended Complaint to correct such deficiencies. (Document No. 4.) The undersigned further advised Plaintiff that his Amended Complaint would "supersede the original Complaint (Document No. 2) and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them." (*Id.*)

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff alleges that he was released on June 3, 2015, for "time served" with a "one year probationary period." (Document Nos. 10 and 11.) Plaintiff indicates that he was then accused of violating the terms and conditions of his probation. (Id.) Plaintiff states that Judge Tabit replaced Judge Zakaib, and Plaintiff "asked [Judge] Tabit just to send [him] to prison so [he] could be done with the charge." (Id.) Plaintiff contends that he was released on parole on March 15, 2018, and "stayed on parole until late 2019. (Id.) Plaintiff appears to complain that he was wrongly incarcerated and the "courts or Barbara Brown didn't do their jobs." (Id.) Plaintiff complains that while he was incarcerated, his "four-old [daughter] walked in on her mom dead." (Id.) Plaintiff contends that the child's mother "thought [Plaintiff] would be home sooner and couldn't take it any longer." (Id.) Next, Plaintiff alleges that the "jail medical team has refused [him] care and [his] health is in jeopardy." (Id.) Finally, Plaintiff states that his sister works at the Charleston Police Department and "she is mean to [him]." (Id.) As relief, Plaintiff requests injunctive and monetary relief. (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an

arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aid Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## **ANALYSIS**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison

inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

Initially, the undersigned notes that Plaintiff's filings are largely incoherent, rambling, and difficult to comprehend. It is very difficult to decipher Plaintiff's exact claims. Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Plaintiff. This Court provided Plaintiff instructions and guidance on how to file his claim in order to avoid dismissal and Plaintiff failed to take advantage of such guidance. (See Document No. 4.)

1. **Improper Parties:**

As stated above, to state and prevail upon a claim under Section 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In Monell, the Supreme Court recognized that municipalities and municipal officials sued in an official capacity are suitable "persons" for such purposes. Monell, 436 U.S. at 690, 98 S.Ct. at 2035. The Supreme Court, however, later clarified that states, state agencies, or state officials sued in their official capacities cannot be sued for damages under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45

(1989)(suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988); also see Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); Harvey v. West Virginia Parole Bd., 2011 WL 3843816, * 4 (S.D.W.Va. July 11, 2011)("It is well-established that the West Virginia Parole Board and the West Virginia Division of Corrections are 'arms of the State' of West Virginia and are not 'persons' within the meaning of § 1983 for purposes of actions seeking money damages."); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); but also see Monell v. Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(Municipalities are "persons" subject to suit under Section 1983); Gilco v. Logan County Commission, 2012 WL 3580056, * 6 (S.D.W.Va. Aug. 17, 2012)(J. Copenhaver)("Municipalities, such as the County Commission, are 'persons' subject to suit under section 1983.") Accordingly, the undersigned finds that West Virginia Parole Board and South Central Regional Jail must be dismissed because they are not "persons" as required by Section 1983.

**2.    Kanawha County Public Defender's Office:**

Plaintiff appears to allege that the Kanawha County Public Defender's Office violated his constitutional rights by providing ineffective assistance of counsel. As stated above, to state and

prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that neither the Public Defender's Office nor the Public Defenders are a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. Vermont v. Brillon, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), cert denied, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."); Allen v. Campbell, 2019 WL 6936729, * 3 (M.D.N.C. Dec. 19, 2019)(finding that the Public Defender's Office, and those attorneys employed as public defenders, are not state actors); Pretty v. Campbell, 2019 WL 4720983, * 4 (E.D.Va. Sept. 26, 2019)(finding that "[p]rivate attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings"); Kirk v. Curran, 2009 WL 2423971, * 1 (W.D.N.C. Aug. 4, 2009)("neither public defenders nor private criminal attorneys are 'state actors' under 1983"), aff'd, 357 Fed.Appx. 529 (4th Cir. 2009); Curry v. South Carolina, 518 F.Supp.2d 661 (D.S.C. June 20, 2007)(finding that the neither the public defender nor the public defender's office are state actors). Based on the foregoing, the undersigned finds that Plaintiff cannot pursue a Section

1983 claim against the Kanawha County Public Defender's Office.

3. **Charleston Police Department:**

As stated above, Plaintiff's filings are incoherent, rambling, and difficult to comprehend. In Plaintiff's Amended Complaint, Plaintiff alleges that his sister works at the Charleston Police Department, and "she is mean to me." (Document No. 10, p. 6.) Plaintiff, therefore, requests that the Court require that the "Charleston Police Department to stop harassing me." (Id.) Although this Court must liberally construe *pro se* filings, the Court is not required to make arguments on behalf of Plaintiff. Plaintiff must provide at least some recognizable legal theory in support of his claim. See Minone v. McGrath, 435 F.Supp.2d 266 (S.D.N.Y. 2006)("Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader.'") Plaintiff, however, completely fails to allege or indicate what constitutional, statutory, or common law rights he believes the Charleston Police Department violated. Plaintiff's Amended Complaint is completely void of any factual allegations as to how the Charleston Police Department may have violated Plaintiff's constitutional or statutory rights. Liberally construing Plaintiff's Amended Complaint, Plaintiff clearly fails to allege facts that set forth a claim cognizable before this Court. Accordingly, the undersigned respectfully recommends that Plaintiff's claim against the Charleston Police Department be dismissed.

4. **Heck:**

To the extent Plaintiff may be alleging that his constitutional rights were violated during the course of his criminal proceedings in the Circuit Court of Kanawha County, the undersigned will consider this claim. Plaintiff appears to challenge the validity of his sentence. Given the

nature of Plaintiff's allegations, it appears that Plaintiff is implying that his sentence is invalid. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff does not indicate that he has been successful in a direct appeal or in *habeas* proceedings. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction or sentence has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the above claim be dismissed.

5.   **Medical Claims:**

Finally, Plaintiff alleges that the "jail medical team has refused my care and my health is in jeopardy." (Document No. 10.) Plaintiff, however, fails to allege any facts supporting the above conclusion. Although this Court must liberally construe Plaintiff's allegations, the Court "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011); also see Giarratano v. Johnson, 521 F.3d 298, 304, n. 5. (4th Cir. 2008). A party must plead "enough facts to state a

8

claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); also see Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."); Nancy v. Kelly, 912 F.2d 605, 607 (2nd Cir. 1990)(Although the standards for screening pursuant to Section 1915(d) and a Rule 12(b)(6) motion may be the same, a Court should look with "a far more forgiving eye" when examining whether a complaint rests on a meritless legal theory.) "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(citing Twombly, 550 U.S. at 557, 127 S.Ct. 1955)(internal quotations omitted). Accordingly, the undersigned finds that Plaintiff's conclusory claim that he is entitled to relief because his "health is in jeopardy" is insufficient to state a claim upon which relief may be granted. The undersigned, therefore, respectfully recommends that Plaintiff's above claim be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Plaintiff's Amended Complaint (Document No. 10) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene

9

C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 18, 2020.

Omar J. Aboulhosn
United States Magistrate Judge